(R.D. 11501)

ASSOCIATED DRY GOODS CORP., D/B/A J. W. ROBINSON & CO.
(INTERNATIONAL CUSTOMS SERVICE) *v.* UNITED STATES

Entry No. 248278, etc.

(Decided March 14, 1968)

*Glad & Tuttle* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement listed in the schedule of cases annexed to this decision and made a part hereof have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, exported from Hongkong, B.C.C., consists of women's and children's wearing apparel, pewter plates, bags, plastic and wooden toys, and plastic flowers, and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the invoice unit prices, net packed.

2. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T. D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

4. That the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

Upon the agreed facts, I find export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determi-

nation of the value of the merchandise covered by said appeals for reappraisement and that such prices were the invoice unit prices, net packed.

Judgment will be entered accordingly.